# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

IN RE:                                                                    BK 07-71668-CMS-13

**JEFFERY B. SULLIVAN,**

      **DEBTOR.**

## MEMORANDUM OF DECISION

This matter is before the court on debtor Jeffery B. Sullivan's (Sullivan) Motion to Determine Value of his residence located at 4725 Woodland Forrest Drive, Tuscaloosa, Alabama. This residence is subject to a first and second mortgage to HSBC Mortgage Services (HSBC). The court has reviewed the evidence, including testimony and a written appraisal report, and finds that the property has a value of **not less than $242,666.00**.

## FINDINGS OF FACT

Sullivan filed his bankruptcy petition on September 21, 2007, and filed his Motion to Determine Value (BK Doc. 18) on December 3, 2007. Sullivan alleged in said Motion that the value of his homestead is $218,639.66. He further asserted that HSBC holds a first mortgage lien on the property in the amount of $218,639.66 and holds a second mortgage lien on the property in the amount of $54,951.59. In the Motion, Sullivan asked this court to find the value of his homestead to be $218,639.66, and further find that the second mortgage of HSBC is avoidable in full.

HSBC filed a Response to the Motion to Determine Value (BK Doc. 22) on January 4, 2008, and then filed an Amended Response (BK Doc. 23) on January 7, 2008. In said Amended Response, HSBC asserted that the value of Sullivan's property is at least $268,900.00 and that HSBC's second mortgage is entitled to payment as a fully secured claim. HSBC also stated in its Amended Response that the relief requested by Sullivan regarding the extent of its lien should have been sought pursuant to an adversary proceeding and not through a motion to determine value.

The trial on this matter was held on January 22, 2008. Sullivan testified that he believed the

1

value of his home to be between $210,000.00 and $215,000.00. He testified that when he purchased the home in 2005 it appraised for $255,000.00. He admitted to not being an appraiser and said that he based his opinion as to value, in part, on the asking price of certain homes in his area. He also stated that his home needed a lot of work because it was "dated". He testified that things such as the carpets, siding, bathrooms, and heating and cooling unit would need to be updated in order for the house to sell at the $255,000.00 it appraised for in 2005. He did not testify to any specific damage to any part of the home, nor did he claim that specific repairs needed to be done; he just said that everything was "dated". He stated that he had not had anyone inspect the home or give him an estimate on how much it would cost to replace or update the various things he had mentioned as dated. Therefore, he admitted that he did not know how much it would cost to update the home.

HSBC introduced the appraisal that was conducted in 2005, and it was admitted without objection (Creditor's Exhibit 1). The appraisal was done on June 8, 2005, by Richard L. Bailey, an appraiser certified in Alabama. The final estimate of value reached was $255,000.00. The appraisal states, "No functional or external depreciation was observed during the field inspection. Physical depreciation was employed using the age/life method of depreciation." In his assessment of the property through the cost approach, the appraiser subtracted $39,142.00 from the value of the house due to physical depreciation. Thus, according to the appraisal, the house had an "indicated value by cost approach" of $242,666.00. According to the appraisal, the house had an "indicated value by sales comparison approach" of $255,000.00.

**CONCLUSIONS OF LAW**

This court has jurisdiction of Sullivan's Chapter 13 bankruptcy case pursuant to 28 U.S.C. Section 1334(a). The court has jurisdiction of this contested matter, a core proceeding under 28 U.S.C. Section 157(b)(2)(K), pursuant to 28 U.S.C. Section 1334(b). The jurisdiction is referred to this court, pursuant to 28 U.S.C. Section 157(a) by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

Based on the testimony of Sullivan and the appraisal submitted by HSBC, this court finds

2

that the value of the property in June, 2005, was $255,000.00. Sullivan produced no evidence to show the value has sufficiently decreased in the approximately 2 years and 3 months that he has lived in the home prior to filing his Chapter 13 petition. He simply stated that his home was "dated". Because everything was so dated, he believed that it would not sale for $255,000.00. Rather, he thought it was only worth between $210,000.00 and $215,000.00. However, he gave no reason, beyond the house being "dated", for his estimated value. He told of no specific damage to the house which would reduce its value, and he pointed to no specific repairs that would need to be done before the house could be sold. He had not received any estimates for any updating he believed needed to be done, so he had no idea how much it would cost to make said updates. Therefore, he had no credible idea how much failing to do the updates would diminish the value of the property, or that it even would.

This court finds that any diminution in value related to the house being "dated" was taken into account in the 2005 appraisal. The appraisal reduced the value derived by the "cost approach" by $39,142.00 due to physical depreciation of the property. Further, the appraisal stated that the physical depreciation was "employed using the age/life method of depreciation." Therefore, the appraiser took into account the age, life, and datedness of the house when he determined the value of the property to be $242,666.00. Sullivan failed to show that the house had become more "dated" in the 2 years and 3 months he has lived in the house. Specifically, the Debtor failed to show that any aging which may have occurred in those 2 years and 3 months would warrant a further diminution in value of approximately $24,000.00. The Debtor simply failed to produce any evidence that the value of the home should be reduced by such a large amount.

This court recognizes that "valuation of property is not an exact science." In re Clardy, 2007 WL 1697007 *2 (Bankr. N.D. Ala.) The evidence presented involved the testimony of the owner of the property and the opinion of a qualified appraiser. The difference in values is critically important to HSBC and the Debtor. The first mortgage on the property is $218,639.66 (See Claim #4). If the value of the real estate is anything less than this amount, then HSBC's second mortgage would be unsecured and its lien avoidable. If the value is anything more than this amount, then

3

HSBC's second mortgage claim of $54,951.59 (See Claim #6) must be paid in full as a secured claim. The Eleventh Circuit in the Tanner case dictates this result depending upon a finding of either no equity for the second mortgage to attach to, or some equity for the second mortgage to attach to. The court in Tanner held that "[a]ny claim that is wholly unsecured...would not be protected from modification under section 1322(b)(2)." Tanner v. FirstPlus Financial, Inc. (In re Tanner), 217 F.3d 1357, 1360 (11th Cir. 2000). The court concluded that "[t]he better reading of sections 506(a) and 1322(b)(2), therefore, protects only mortgages that are secured by some existing equity in the debtor's principal residence." In re Tanner, 217 F.3d at 1360. The Eleventh Circuit in a subsequent case, while noting that "[v]aluation outside the actual market place is inherently inexact," recognized the binding effect of the Tanner decision. American General Finance, Inc. v. Dickerson (In re Dickerson), 222 F.3d 924, 926 (11th Cir. 2000).

This court finds that the property at issue in this case has a value of no less than $242,666.00. Because there is value in the home above the lien of the first mortgage, there is value for the second mortgage to attach to; therefore, it must be paid as a fully secured claim.

## CONCLUSION

The court having reviewed the exhibits submitted by the parties and the testimony of all witnesses finds that the value of the debtor's property is not less than $242,666.00 for purposes of determining the secured state of claims against the house pursuant to 11 U.S.C. § 506(a). Therefore, because the first mortgage on the property is $218,639.66, HSBC's second mortgage is secured by existing equity in the debtor's principal residence and therefore cannot be modified under 11 U.S.C. § 1322(b)(2).

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this February 28, 2008.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge